## Case No. 11,790.

### RICHARDSON v. MATTISON.

[5 Biss. 31.] [1]

Circuit Court, D. Wisconsin. April Term, 1857.

DISCOVERY — PRACTICE AT LAW — LEAVE TO FILE PLEA IN ABATEMENT—EJECTMENT— COLORABLE CONVEYANCE.

1. The defendant, after judgment in ejectment and new trial allowed, cannot maintain a bill for discovery whether the conveyance to plaintiff was not merely colorable, and made in order to give this court jurisdiction.

2. It seems, that the proper practice is to move for leave to file a plea in abatement, supported by affidavit showing that plaintiff, at the time he went to trial on the merits, did not know the facts concerning the alleged colorable conveyance.

[This was a suit by Richard J. Richardson against Henry C. Mattison. Heard on motion for an injunction to restrain the defendant from proceeding in an action at law against complainant.]

MILLER, District Judge. The defendant has an ejectment suit pending in his name against Richardson. Mattison was, at the commencement of the suit, a citizen of the state of New York. In the ejectment suit, the defendant pleaded the general issue, and there was one trial, which resulted in a verdict for the plaintiff. The defendant has applied for a second trial under the statute. Since then this bill is filed for discovery whether the conveyance was not made by one William M. Tallman, a citizen of Wisconsin, to Mattison, for the purpose of obtaining the jurisdiction of this court. In Maxwell v. Levy [Case No. 9,321], the fact that the deed was collusive, and for the mere purpose of conferring jurisdiction, was obtained from the answer to a bill of discovery, and on motion, the cause on the law side of the court was dismissed. Cases between the same parties were also dismissed in the same way. These were rulings of the Pennsylvania circuit court at an early day, before the practice was well established. In Smith v. Kernochen, 7 How. [48 U. S.] 198, the supreme court decided that the objection to this jurisdiction must be taken by plea in abatement, and cannot be raised in the trial on the merits. Enough is set forth as to the citizenship of the parties in the rec-

ord to give jurisdiction; but the true and only ground is, that the grantor is the real party plaintiff, and the plaintiff in the record is merely nominal and colorable, his name being used merely for the purpose of jurisdiction. If such is the case, the suit at law is a controversy between citizens of this state, and jurisdiction, of course, cannot be upheld. The difficulty is, how the plea in abatement can be got in at the present state of the record. If it can be got in, it must be by motion and affidavit setting forth that the fact was not known to the defendant when he filed the plea of the general issue and went to trial. Upon that state of facts the court might allow the plea to be filed. But the bill does not state this fact, and for want of it, it is clearly defective. The complainant, I think, should adopt this practice, as the only available one in the present state of the record.

The motion for an injunction to restrain the suit at law is overruled.

NOTE. See, further, that a colorable conveyance, expressly to give a party the requisite citizenship to sue in the federal courts, will be disregarded, and the citizenship of the real party in interest will govern. Barney v. Baltimore City, 6 Wall. [73 U. S.] 280.

Where a defendant has pleaded to the merits, and subsequently ascertains that plaintiff has not the requisite citizenship he may have leave to withdraw his plea in bar and file one to the jurisdiction. See Eberly v. Moore, 24 How. [65 U. S.] 147, where the authorities are elaborately collated by counsel.